(No. 16106.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK KAWOLESKI, Plaintiff in Error.

*Opinion filed October 28, 1924.*

1. CRIMINAL LAW—*when judgment must be reversed for misconduct of an officer of court.* A remark by the deputy sheriff in charge of the jury during a recess in the trial, made purposely in the hearing of the jury, to the effect that "it should not take more than two or three minutes to convict that bird," is such flagrant misconduct and so manifestly intended to influence the jury against the defendant as to necessitate a reversal of the judgment of conviction even though the evidence may have warranted the verdict.

2. PROHIBITION—*when the jury should be instructed to consider stipulation limiting proof to particular counts.* Where a defendant is charged in three counts with the unlawful sale of liquor and in three other counts with the unlawful possession of liquor, and the parties have stipulated that the proof shall be limited to the counts charging the unlawful sale, the court should instruct the jury in accordance with the stipulation, and it is error to refuse such instruction and give one as to the form of a general verdict finding the defendant guilty as charged in the indictment.

3. SAME—*what is proper amendment of record of former conviction.* The record of a former conviction is properly amended from memoranda or minutes made by the judge who tried the case and as amended may be admitted in evidence on a trial for a second offense.

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding.

FRANK J. BURNS, JAMES T. BURNS, and H. H. WHITTEMORE, for plaintiff in error.

313—17

EDWARD J. BRUNDAGE, Attorney General, ANKER C. JENSEN, State's Attorney, GEORGE C. DIXON, and T. R. JOHNSTON, for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error (hereafter called defendant) was convicted under an indictment charging violation of the Illinois Prohibition statute. Each of the six counts of the indictment alleged a prior conviction, and the jury returned a verdict finding defendant guilty in manner and form as charged in the indictment. The court overruled a motion for a new trial and sentenced defendant to imprisonment in the penitentiary and to pay a fine of $700.

The evidence in the case was substantially the same as in *People* v. *Kawoleski,* (*post,* p. 273,) which was a contempt proceeding in the county court for violating an injunction. As the case must be reversed on other grounds than the insufficiency of the evidence, we shall not in this opinion set out the substance of the testimony.

One of counsel for defendant made an affidavit in support of the motion for a new trial, that deputy sheriff Duguay, who had charge of the jury during the trial and during the time they were considering their verdict, made the remark during a recess of the court, that "it should not take more than two or three minutes to convict that bird;" that Duguay was not more than eight or ten feet from the jury when he made the remark; that he was within hearing of the jury, and the remark was made in a loud tone of voice, audible to the jury. Duguay did not make any denial. As the remark was made while the court was in recess it was presumably not made in the presence of the court. Such a remark made by the officer in charge of the jury was calculated to prejudice defendant with the jury, and it was no doubt so intended. No officer fit to have charge of the jury would have made any such statement, and if counsel had informed the court of it at the time,

the court could, and doubtless would, have administered the proper remedy. Counsel did not, however, inform the court, as they should have done, of the misconduct until after the jury had returned the verdict, when, so far as the record discloses, it was first brought to the court's attention on the motion for a new trial. We must assume the remark was made as stated in the affidavit, as no one denies it, and there could have been no other purpose in making it except to prejudice defendant with the jury. Such conduct of an officer in charge of a jury in a criminal case is too reprehensible to be lightly passed over. Even if the evidence had justified the verdict of guilty, it was not part of the officer's duty to influence or attempt to influence the jury to so find, and any man who has intelligence enough to be a deputy sheriff knows he should not advise the jury what verdict to render or by his advice or statements to or in their presence and hearing attempt to influence them. If we were to affirm this conviction it would have to be done on the ground that defendant's guilt was so clearly proven that the remark of the officer could not have done any harm. Whatever may be said of the sufficiency of the evidence to warrant the verdict, we think the public effect of affirming the judgment would be more serious in its consequences than a reversal of the judgment and remandment of the case for a new trial. Any man on trial under a criminal charge, no matter how conclusive the evidence against him may appear, is entitled to a fair trial and to have his case determined by a jury without the interference of unauthorized persons. We are reluctant to reverse convictions for errors of law where the evidence warranted the verdict and judgment, and we have affirmed many judgments where errors had been committed on the trial but where the evidence was so conclusive that the jury could not reasonably have returned any other verdict than one of guilty. The error here complained of was committed by an officer of the court, was so flagrant and so mani-

festly intended to influence the jury against defendant, we are convinced that in fairness to a defendant tried for a criminal offense, and for the public good, it should be made known that this court will not approve verdicts where such means are resorted to by officers of the law to procure verdicts. Such conduct is unjustifiable in any case, and no distinction can be made between guilty and innocent parties. All defendants in criminal cases are entitled to a fair trial. We have held the law does not permit one method for the trial of guilty men and another method for the trial of innocent men.

The court erred in not granting the motion for a new trial for the misconduct of deputy sheriff Duguay.

The record shows a stipulation was entered into by the State's attorney of Kankakee county and counsel for defendant whereby the proof offered in behalf of the State was to be, and was, confined to the sale of one-half pint of intoxicating liquor alleged to have been sold by defendant to Jepson on the evening of December 6, 1923. Three counts of the indictment charged the unlawful possession of intoxicating liquor. When the premises of defendant were searched the officers found and took therefrom three containers of a liquid alleged to be wine. No proof was offered that the liquid contained more than one-half of one per cent alcohol and none of the liquid was offered in evidence, but pursuant to the stipulation the proof was limited to the sale of the half-pint of moonshine. An instruction was offered by counsel for defendant wherein the jury were advised that under the pleadings in the case defendant could not be found guilty under either count charging the unlawful possession of intoxicating liquor. This instruction was refused by the court. The court knew of this stipulation, and the jury were entitled to know that the proof offered by the State was to be considered only in the prosecution of defendant on the counts in the indictment charging the sale of intoxicating liquor. The court prepared instructions

as to the forms of verdict for the jury, one of which read: "If you find the defendant  *  *  *  guilty in manner and form as charged in the indictment, you will sign and return the following verdict:  *  *  *  We, the jury, find the defendant  *  *  *  guilty in manner and form as charged in the indictment." The jury used the form of verdict given by the court and found defendant guilty in manner and form as charged in the indictment. The court should have instructed the jury, in accordance with the stipulation of counsel, that the proof against defendant was limited to the sale counts, only. The refusal of defendant's instruction offered thereon, and the instruction as to the form of verdict, authorized the jury to find the defendant guilty under the counts charging the unlawful possession of liquor, and was error.

As the case must be remanded for a new trial it is proper for us to consider the complaint made of the action of the court in admitting in evidence the record of defendant's prior conviction in the county court.

The record of the conviction of the defendant in the county court under the information in September, 1920, was amended in that court during the trial of this case before the record was admitted in evidence, and the action of the court in admitting the record as amended in evidence is complained of. It is contended the record as amended did not speak the truth, and defendant sought leave of the court to go into the county court to procure the record to be amended so as to speak the truth, which the court denied. The amendment was made from memoranda or minutes made by the judge who tried the case in the county court, and we think the court did not err in permitting the record to be introduced as amended.

For the errors above referred to, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*