## Commonwealth *v.* Fontaine, Appellant.

Argued October 4, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Leon B. Bernstein,* with him *Max W. Gibbs,* for appellant.

*Ralph B. D'Iorio,* Assistant District Attorney, with him *J. Harold Hughes,* First Assistant District Attorney, and *Raymand R. Start,* District Attorney, for appellee.

OPINION BY GUNTHER, J., December 28, 1956:

This is an appeal from the conviction and denial of a motion for a new trial by the court of Oyer and Terminer and Quarter Sessions of Delaware County.

Appellant, Herman Fontaine, was found guilty by a jury on three bills of indictment charging him with setting up a gambling establishment and procuring and enticing persons to gamble, keeping a disorderly house and selling liquor without a license. Appellant was tried on the above indictments on June 13 and 14, 1955, and the jury returned verdicts of guilty against appellant and Albert Layton. Thereafter, a new trial was granted on November 16, 1955, and the second trial was held on January 10 and 11, 1956. The jury again returned verdicts of guilty against appellant. Motions for a new trial and in arrest of judgment were filed, argued and denied on March 19, 1956 by the court below.

The evidence upon which the convictions are based is not questioned on this appeal; neither are there any allegations of trial errors. However, two hours after the jury retired to deliberate, it returned to the courtroom and requested instructions as to the testimony of certain witnesses. Specifically, the request was: "May we have part of testimony regarding gambling, the receiving of money from the cut man by Fontaine? Testimony of Control Board Officers, Joseph Colver

and William Campbell?" Thereupon, at the direction of the trial judge, the stenographer proceeded to read to the jury the part of the testimony requested. Although neither appellant nor his counsel raised any objection to this procedure, it is now contended that the reading of this testimony constituted fundamental and prejudicial error. This is the only question raised on appeal.

We are of the opinion that the trial judge committed no fundamental or prejudicial error in permitting such testimony to be read to the jury after its deliberations have begun. Although under our system of jurisprudence the jury is the ultimate trier of facts, it does not follow that in all instances and at all times men and women called for jury duty are endowed with infallible powers of retention. Juries may not take notes on the progress of testimony and not infrequently they may retire with confused recollections of the evidence. Particularly may this human failing present itself in lengthy trials involving many complex issues of fact. When, therefore, such admission is frankly disclosed, the trial court must have discretion in determining how best to resolve the confusion or misapprehension of facts in the minds of the jury. This discretion is an incident to the mode and manner of trial and in the absence of flagrant abuse, should rest with the trial court.

Over one hundred years ago our Supreme Court in *Cunningham v. Patton*, 6 Pa. 355, said: "We can perceive no well founded objection, therefore, that the court should refresh their memories when they (the jury) request it, or instruct them further in relation to the law." In *Commonwealth v. Ware*, 137 Pa. 465, 479, 20 A. 806, the Supreme Court laid down the rule as follows: ". . . If the jurors had desired information

*as to any matters of fact or question of law,* they could have come into court and stated their difficulty to the trial judge. He would have answered their inquiries, *either as to the facts or the law.* The sending out of a part of the testimony to the jury room is without precedent, and would have been a palpable error." (Emphasis supplied.)

In *Commonwealth v. Bolger,* 42 Pa. Superior Ct. 115, we said:

"We know of no precedent in Pennsylvania holding that any reversible error would be committed by a trial judge when, in answer to a request made by the jury, he permits their recollection to be refreshed by reading a portion of the testimony actually delivered on the trial, concerning which some misapprehension had arisen in the minds of the jury. It was upon the evidence as actually delivered that the defendant was to be tried, and we do not deem it necessary to collate the precedents, all of which tend to show that no reversible error can be found in the action of the trial court thus complained of." On appeal, the Supreme Court affirmed this view. See *Commonwealth v. Bolger,* 229 Pa. 597, 79 A. 113.

In *McPeek v. Shafer,* 120 Pa. Superior Ct. 425, 183 A. 80, we held that the action of the trial court in further instructing the jury after retirement and return to open court, based on its recollection of the testimony, instead of having read to the jury a certain portion was not, under the circumstances, reversible error. We can see no valid distinction between a judge giving his recollection of the testimony to the jury upon request and the accurate reading of the testimony given by the court stenographer.

Appellant urges upon us the case of *Commonwealth v. Brown,* 264 Pa. 85, 107 A. 676, as controlling.

We have carefully examined this case and find it readily distinguishable. The Supreme Court stated that the refusal to read notes of testimony to the jury was proper where one juror made the request upon the ground that he did not hear the testimony when it was given. The test of recollection, however, is not based on individual but rather collective action.

We are of the opinion that the trial court did not commit fundamental error or infringe upon the duties of the jury as they were left to decide freely for themselves what their verdict should be. We find nothing in this case that warrants a disturbance of the ruling of the court below.

Judgment affirmed.