(No. 43963.—▮▮▮▮▮▮▮▮▮▮)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. STEVEN C. RETTIG, Appellant.

*Opinion filed January 28, 1972.*

RYAN, J., took no part.

JOHN DONALD O'SHEA, of East Moline, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and JAMES N. DeWULF, State's Attorney, of Rock Island, (THOMAS J. IMMEL and FRED G. LEACH, Assistant Attorneys General, and ROBERT C. SHEARER, Assistant·State's Attorney, of counsel,) for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant Steven Rettig was convicted in a Rock Island County jury trial of murder, felony murder and robbery, and sentenced to 14 to 30 years imprisonment. The appellate court affirmed *(People v. Rettig (Ill.App. 1970), 264 N.E.2d 835),* and we granted leave to appeal.

It is contended that communication by the sheriff with the jurors during their deliberations denied defendant a fair and impartial trial. In support of his motion for a new trial defendant called the bailiff and sheriff as witnesses. Their testimony established that just prior to the commencement of deliberation by the jury, the sheriff had a two or three minute conversation with the jurors generally about their noon meal, although he did not remember the specific matters spoken of; that later that afternoon the sheriff had been in the hallway outside the jurors' room when a juror came to the door wanting a question answered. The sheriff volunteered to ask the presiding judge and then returned, explaining the judge would not answer the question. The State introduced the affidavits of 11 of the 12 jurors whose descriptions of the second conversation with the sheriff corroborated that of the sheriff and who stated they were not prejudiced by the incident. No reference is made in the affidavits to the earlier conversation.

Defendant argues that the sheriff's misconduct in communicating with the jurors should be presumed to be

prejudicial as a matter of law where the sheriff was a prosecution witness and by virtue of his office had more prestige and power than the average citizen; that to the extent that Illinois law requires the defendant, in order to obtain a new trial, to show prejudice from the unauthorized communication with the jury, it should be overruled; that this action is necessary in order to implement the public policy of guarding against intrusions into the jury's deliberations; and that any other result is inconsistent with the decisions of the Supreme Court in *Turner v. Louisiana, 379 U.S. 466, 13 L.Ed.2d 424, 85 S.Ct. 546* and *Parker v. Gladden, 385 U.S. 363, 17 L.Ed.2d 420, 87 S.Ct. 468.*

Although the sheriff's action in communicating with the jurors was highly imprudent, we do not agree that the result urged by defendant is necessary. "In our State the rule has judicially evolved that a jury verdict will not be set aside where it is apparent that no injury or prejudice resulted from a communication to the jury either by the court or by third persons outside the presence of the defendant. *(People v. Berry, 18 Ill.2d 453, 459; People v. Tilley, 411 Ill. 473, 478; People v. Brothers, 347 Ill. 530, 548; Emme v. Pennsylvania Railroad Co., 29 Ill.App.2d 97.)* The recent Supreme Court decision of *Parker v. Gladden, 385 U.S. 363, 17 L.Ed.2d 420, 87 S.Ct. 468,* does not in any way diminish the need for showing that the rights of a defendant were prejudiced by the acts ***". *(People v. Mills, 40 Ill.2d 4, 14.)* Furthermore, considering the circumstances of the present case, we do not believe that the sheriff's conduct can be said to involve "such a probability that prejudice will result that it is deemed inherently lacking in due process." *(Parker v. Gladden, 385 U.S. 363, 365, 17 L.Ed.2d 420, 423, 87 S.Ct. 468, 471.)* Unlike *Parker* and *People v. Kawoleski, 313 Ill. 257,* the sheriff's statements here cannot be said to have been manifestly calculated to influence the jury's decision. Also the facts here differ substantially from those in *Turner,* for we have here only a brief encounter by the sheriff, and he

was not the principal prosecution witness whose credibility as assessed by the jury inevitably determined whether the defendant was convicted. The sheriff's testimony was neither crucial nor controverted. He testified only that the victim's son identified the victim, to a search of the victim and the surroundings which produced a receipt for the purchase of cirgarettes, and to the defendant's consent to a search of his car. Under these circumstances we believe it cannot fairly be said that the possibility of prejudice to defendant is such as to warrant reversal.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE RYAN took no part in the consideration or decision of this case.