THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v*. ERNEST PIERCE, Defendant-Appellant.

(No. 55655; 

First District—November 16, 1972.

James J. Doherty, Public Defender, of Chicago, (Dale W. Broeder, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Ronald E. Neville, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

Defendant, Ernest Pierce, was charged by indictment with aggravated kidnapping, armed robbery and rape, and was found guilty of all three

charges by a jury in the circuit court of Cook County. He was sentenced to a term of 25 to 50 years in the penitentiary. From the judgment of the circuit court he appeals.

The defendant contends that the trial court erred in refusing to grant the jury's request during the course of their deliberations for a rehearing of certain trial testimony. He also contends that the court erred in holding a hearing outside his presence concerning the jury's request to rehear this testimony, and he argues that holding this hearing outside his presence denied him the right to effective assistance of counsel and the right to be present at every stage of the trial proceedings.

We affirm.

During their deliberations, the jury informed the judge through a bailiff that they had reached two out of three verdicts and had a question. With the agreement of the prosecutor and defense counsel, the judge directed the following memo to the jury:

"Foreman: Without telling me what your votes are or anything relative to your verdicts, please put your question in writing and I will then advise you further."

The jury returned the following question in writing:

"What was testimony of Mrs. Knistoft and testimony of arresting Officer Kohn?"

In the presence of both counsel, an interrogation of the bailiffs by the judge again revealed that the jury indicated that they had reached two verdicts but were unable to reach a third. Following this interrogation, the judge and both counsel had a discussion, at the conclusion of which the judge returned the following note to the jury, again with the full agreement of the prosecutor and defense counsel:

"I cannot instruct further. You must continue with your deliberations."

The defendant was not personally present during any of the above proceedings.

■■ Defendant's first contention is that the trial judge erred in refusing the jury's request to rehear certain portions of the trial testimony. The question of whether the jury has an absolute right to rehear testimony or whether it is a matter of the trial court's discretion to allow the jury to rehear testimony is one of first impression in Illinois. After reviewing cases from other jurisdictions, we think the best rule is that when the jury, in order to refresh their recollection, requests the reading of a portion of the testimony given at trial, it is within the discretion of the trial court to grant such request. (*Commonwealth v. Peterman* (1968) 430 Pa. 627, 244 A.2d 723; *U.S. v. DePalma* (9th cir. 1969), 414 F.2d 394; *Tyler v. U.S.* (10th cir. 1966), 361 F.2d 862; *Gregory v. U.S.*

(8th cir. 1966), 365 F.2d 203; *Pinckney v. U.S.* (5th cir. 1965), 352 F.2d 69.) No error shall be found on review unless it appears that the trial court abused its discretion. The reasoning for this rule is stated in *Commonwealth v. Fontaine* (1956), 183 Pa. Super. 45, 128 A.2d 131:

> "Although under our system of jurisprudence the jury is the ultimate trier of facts, it does not follow that in all instances and at all times men and women called for jury duty are endowed with infallible powers of retention. Juries may not take notes on the progress of testimony and not infrequently they may retire with confused recollections of the evidence. Particularly may this human failing present itself in lengthy trials involving many complex issues of fact. When, therefore, such admission is frankly disclosed, the trial court must have discretion in determining how best to resolve the confusion or misapprehension of facts in the minds of the jury. This discretion is an incident to the mode and manner of trial and, in the absence of flagrant abuse, should rest with the trial court." *Commonwealth v. Fontaine* (1956), 183 Pa. Super. 45, at 47, 128 A.2d 131, at 132.

■■ Examining the circumstances surrounding the trial court's ruling in the instant case, we find no abuse of discretion in the court's refusal to allow the jury's request for a hearing of a portion of the trial testimony. The court took obvious pains to be certain that counsel for both sides agreed with his procedure for ascertaining the jury's question. More importantly, the record shows that the prosecutor and defense counsel agreed to the court's denial of the jury's request and to the court's note informing the jury of this denial. The defendant argues that the testimony which the jury requested related to the issue of identification of the defendant as the perpetrator of the crime involved, and as such, the court should have allowed a rehearing of this testimony. While the jury's purpose in requesting the testimony is not known, at the time of their request the jury had reached verdicts on two of the three charges and were unable to agree upon a third. In *Henry v. United States* (6th cir. 1953), 204 F.2d 817, the court said:

> "After the jury has reported its inability to agree upon a verdict, it is, in our opinion, incumbent upon the trial judge to exercise extreme care in reopening the case for the introduction of further testimony or in permitting any evidence to be restated or reread to the jurors. Unless restraint is exercised by the judge, it may well be that he would permit undue emphasis to be placed upon portions of the testimony, if such portions were called for by the jurors." *Henry v. U.S.* (6th cir. 1953), 204 F.2d 817, at 820, 821.

■■ Defendant's next contention is that he was denied his constitutional

right to effective assistance of counsel when the trial court held a hearing outside his presence concerning the jury's request to rehear a portion of the trial testimony. He maintains that counsel did not effectively represent him because he was not able to confer with counsel at the time of the hearing on the jury's request. We do not think the fact that the defendant did not confer with counsel in this one isolated situation is enough to sustain a claim of a denial of the right to effective assistance of counsel. See, *People v. Washington* (1968), 41 Ill.2d 16, 241 N.E.2d 425.

We do not see how any information that the defendant might have furnished to counsel would have aided or substantially influenced him in this situation. Moreover, the record shows not only that defendant's case was not prejudiced thereby, but also that counsel ably and effectively represented the defendant throughout the trial.

■■■ Defendant's final contention is that he was denied his constitutional right to be present at every stage of proceedings in that he was absent from the trial court's hearing on the jury's request to rehear certain trial testimony. He argues that the court erred in holding this hearing outside his presence. We find no merit in this contention. Before a jury verdict will be set aside because of a communication between the court and the jury, it is necessary for the defendant to show prejudice. (*People v. Tilley* (1952), 411 Ill. 473, 104 N.E.2d 499.) In such instances prejudice will not be assumed. (*People v. Rettig* (1972), 50 Ill.2d 317, 278 N.E.2d 781.) In the instant case the defendant contends the court's refusal to allow the jury to rehear certain testimony was prejudicial in that it was an indication of the court's view that the evidence of defendant's guilt was so clear that the jury need not rehear any testimony. The record does not substantiate this speculative argument. The trial court refused the jury's request in a simple, uncomplicated written note which communicated no new information to the jury and which did not suggest the court's view as to the defendant's guilt or innocence. The communication with the jury was not calculated to influence the verdict nor did it result in prejudice to the defendant. See *People v. Gardner* (1968), 98 Ill.App.2d 101, 240 N.E.2d 359.

The defendant relies heavily on *People v. Rohwedder* (1967), 78 Ill. App.2d 211, 223 N.E.2d 1, and *People v. Harmon* (1968), 104 Ill.App.2d 294, 244 N.E.2d 358, in support of his argument. These cases are distinguishable from the instant case. In *Rohwedder,* the court found that a judge's inquiry into the deliberations of the jury outside the presence of both defendant and his counsel was prejudicial to the defendant in that it had the effect of coercing the jury to reach a verdict. In the instant case defense counsel agreed to the court's response to the jury's request,

and this response did not suggest any coercion on the part of the trial judge. In *Harmon*, the court found the communication between the trial judge and jury outside the presence of both the defendant and his counsel to be prejudicial, but the court further stated that the presence of the defendant *or* his counsel would be sufficient during any communications between the trial court and jury during the course of the jury's deliberations. In the instant case defense counsel was present during the court's hearing on the jury's verdict.

Having decided that the trial court did not commit reversible error in holding the hearing outside the defendant's presence, we need not consider the defendant's claim that defense counsel had no power to waive his right to be personally present at every stage of the proceedings.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DEMPSEY and McNAMARA, JJ., concur.