THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES CALLAHAN, Defendant-Appellant.

(No. 72-227; )

Second District—February 5, 1974.

Ralph Ruebner, Deputy Defender, of Elgin (Adam Lutynski, Assistant Appellate Defender, of counsel), for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (James W. Jerz and Thomas Sullivan, of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Following a jury trial defendant, represented by court appointed counsel, was found guilty of burglary and sentenced to probation for a period of three years.

■■ Defendant complains on appeal that the failure of the trial court to respond to questions raised by the jury after it began deliberating was error, even though the questions were obviously irrelevant to the issues in the case; that they indicated confusion and an instruction should have been given to clear up their confusion. Both the State and the defendant were represented by their counsel when the jury submitted questions in writing and during a conference concerning these questions, in chambers, defendant's counsel informed the court: "I don't think any of the four can be answered." The court did not answer the questions, instead, without objection from defendant informed the jurors that they had heard all the evidence that was proper and pertinent to the case, and stated that the instructions which they had been given covered all the law applicable to the case. We find no abuse of discretion or reversible error in the court's refusal to answer the jury's questions. Before making his decision not to answer the court conferred with the counsel for both sides and it appears that defendant not only acquiesced but encouraged the court's action by his statements that the questions could not be answered. *People v. Pierce* (1972), 9 Ill.App.3d 153, 156.

Defendant also complains that the trial court erred by communicating with the jury outside the presence of the defendant and his counsel at 4:55 P.M., after they had been deliberating for some time, concerning the progress of their deliberation. The court's question was: "Mr. Fore-

man, do you think there is a reasonable chance this jury will reach a verdict?" When the foreman answered that he did not know and started making an explanation, the court did not permit him to explain and requested that the jury retire to the jury room and resume deliberating. Neither the judge's query, nor his action in calling them in, gave any indication of impatience in inquiring as to the progress of the jury's deliberations.

■■ Defendant assumes and asks us to assume that the inquiry was made in the absence of the defendant or his counsel because the record is silent on whether the defendant or his counsel were present. While it is true that the transcript of that colloquy does not disclose their presence, neither does it show them not being present. The record does include a transcript of a conference at 5 P.M. (five minutes later) between the court and both counsel in chambers at which they discussed declaring a mistrial in the event the jury did not reach a verdict shortly.

In *People v. Wilson* (1948), 399 Ill. 437, 447, the court stated:

> "It is a well-established principle that all reasonable intendments not contradicted by the record are to be taken in favor of the validity of the judgment, * * * and that he who seeks a reversal of a judgment assumes the burden of showing the illegality of the proceeding which resulted in the judgment against him."

Under the circumstances here it must be presumed that defendant and his attorney were present during the court's 4:55 P.M. inquiry to the jury. In *People v. Rockett* (1967), 85 Ill.App.2d 24, 32, we held that there is a presumption of regularity which prevails until overcome by showing that error was committed. Defendant has failed to overcome such presumption.

■■ Moreover, even if it be assumed that the defendant was not present, there is no showing by defendant of any prejudice to him resulting from the court's communication with the jury. (*People v. Tobe* (1971), 49 Ill.2d 538, 544; *People v. Canaday* (1971), 49 Ill.2d 416, 425.) Our Supreme Court has held in *People ex rel. Walker v. Pate* (1973), 53 Ill.2d 485, 505; " 'Before a jury verdict will be set aside because of an unauthorized communication with the jury, it is necessary for a defendant to show prejudice. (*People v. Williams*, 38 Ill.2d 115, 126; *People v. Georgev*, 38 Ill.2d 165, 177.)' " Contrary to the defendant's contention, we find no improper or prejudicial communication with the jury and are agreed the trial court committed no reversible error. The judgment, therefore, must be affirmed.

Judgment affirmed.

T. MORAN, P. J., and GUILD, J., concur.