The People of the State of Illinois, Plaintiff-Appellee, *v.* Steven C. Rettig, Defendant-Appellant.

(No. 73-158; ▮▮▮▮▮▮▮▮)

Third District—April 30, 1975.

*Rehearing denied June 30, 1975.*

James Geis and Robert Agostinelli, both of State Appellate Defender's Office, of Ottawa, for appellant.

David DeDoncker, State's Attorney, of Rock Island, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After trial by jury Steven Rettig was convicted of the offenses of murder, felony murder and armed robbery. The circuit court of Rock Island County sentenced Rettig to concurrent terms in the penitentiary for each offense. On direct appeal to this court these convictions were affirmed in *People v. Rettig*, 131 Ill.App.2d 687, 264 N.E.2d 835. On further appeal to the Illinois Supreme Court these convictions were affirmed in *People v. Rettig*, 50 Ill.2d 317, 278 N.E.2d 781. The details surrounding the of-

fenses may be ascertained by referring to the foregoing cases and need not be restated here for the purpose of this appeal.

■■ After his convictions were affirmed by the Illinois Supreme Court, Rettig filed his petition in the circuit court of Rock Island County seeking post-conviction relief pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*). In substance, the post-conviction petition sought vacation of petitioner's convictions and sentences for felony murder and armed robbery because all of the offenses arose from the same act. The petition sought to invoke the "one act, one offense" rule as exemplified by such cases as *People v. Whittington,* 46 Ill.2d 405, 265 N.E.2d 679, and *People v. Johnson,* 47 Ill.2d 568, 268 N.E.2d 1. The trial court determined that because petitioner had failed to raise this issue in the trial court at the time of his original convictions or upon his direct appeals to the appellate and supreme courts the issue could not now be raised. Since we agree with the trial court's determination in this regard, it will be unnecessary to consider the merits of petitioner's claim or the details of the events which are the basis of petitioner's convictions.

It is conceded that petitioner did not raise this issue in any of the prior proceedings referred to. It is also conceded this issue could have been raised at an earlier stage in these proceedings and that the rule herein contended for is not a new rule with respect to which retroactive application is sought. Recognizing the general principle applicable to the finality of judgments with respect to issues not only actually raised but with respect to those which could have been raised, the petitioner seeks to invoke an exception to the rule generally favoring finality of judgments as set forth in Supreme Court Rule 615(a) (Ill. Rev. Stat. 1969, ch. 110A, par. 615(a)).

■■ In our opinion the nature of the errors complained of do not bring petitioner's claims within the scope of Rule 615(a). The resolution of such issues, whether favorable or unfavorable to petitioner, would have no bearing on petitioner's conviction and sentence for murder, and hence a consideration of such issues is not required to avoid injustice or unfairness.

For the foregoing reasons the judgments of the circuit court of Rock Island County are affirmed.

Judgments affirmed.

ALLOY and DIXON, JJ., concur.