THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES NICKOLS, Defendant-Appellant.

Third District   No. 80-84

Opinion filed November 26, 1980.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

Fred R. Odendahl, State's Attorney, of Monmouth (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant Charles Nickols was charged with attempt (burglary) and criminal damage to property under $150. Following a jury trial in the circuit court of Warren County, he was convicted of both offenses. This appeal is from those convictions and the trial court's imposition of an order of restitution and sentence of six years in the Department of Corrections.

The offenses at bar arose from an alleged attempt to break into Grier Hall, a women's residence at Monmouth College, on October 16, 1979. Officer Ronald Kilby identified defendant as the man he saw attempting to enter the building through a window at approximately 3 a.m. that morning. The attempt (burglary) charge arose from defendant's partial entry through the window, the breakage of which represented the criminal damage. Defendant's defense was one of mistaken identification.

On appeal, defendant contends that (1) the trial court erred in failing to declare a mistrial as a result of an unauthorized communication with a juror; (2) the criminal damage conviction must be reversed as it arose

from the same act as the attempt (burglary) conviction; and (3) this cause must be remanded as the trial court failed to specify the reasons for its sentencing determination.

Defendant's initial contention that his sixth amendment right to an impartial jury was denied and that the trial court erred in not declaring a mistrial therefor is based upon a conversation which occurred between the bailiff and a juror during a recess in the trial. After being informed of the conversation by defense counsel, the trial court conducted a hearing out of the presence of the jury. Each of the parties to the conversation testified.

The bailiff stated that he asked the juror if he knew that defendant was a brother of George and Melvin Nickols but did not remember stating that the Nickols brothers had been convicted of felonies or incarcerated. He also admitted stating that Sonny Taylor was in Stateville but denied mentioning that defendant was once a co-defendant of Taylor. While disclosing that jurors were in the vicinity of the conversation and that he speaks loudly due to a hearing impediment, the bailiff noted the entire dialogue lasted only 1 to 1½ minutes.

The juror testified that he remembered "Melvin Nickols was mentioned, just a mention" and that he presumed the reference was to defendant's father. When asked to whom the bailiff was referring when Stateville was mentioned, the juror stated that he could not recall as he "wasn't paying much attention, I am sorry to say." He added that he remembered no other jurors in the vicinity of the conversation, which he stated covered other topics and labeled as "strictly mundane." When asked if he had occasion to form any thoughts about defendant as a result of the conversation, the juror responded in the negative.

The court itself then questioned the juror for the purpose of determining any possible prejudice on his part:

> "THE COURT: Mr. Painter, was there anything that occurred that would change your position at all in regard to acting as a juror in this case?
> A. No.
> THE COURT: You understand that what we are concerned about is any reference made in your presence that would by inference or relationship or association with any other person cast any doubt on the integrity of this defendant in any manner, and want that ascertained from you, so that the outcome will be determined only on the evidence.
> A. I don't think anything was made of anything that might conflict in that respect. The only thing that was mentioned was the relationship. What that had bearing on, I don't have any idea.

THE COURT: Would any such relationship that was mentioned cause you any difficulty in being a juror, having heard that?

A. No.

THE COURT: Would it change your consideration of this defendant's conduct in any manner?

A. No.

THE COURT: Do you think you will be able to separate anything you might have heard and put that out of your mind, and decide this case on the facts in evidence?

A. Yes."

■■ The standard of review in this situation is well-established:

"The settled rule is that before a jury verdict will be set aside because of any unauthorized communication with the jury, it is necessary for the defendant to show prejudice. *People ex rel. Walker v. Pate,* 53 Ill. 2d 485, 505 (1973); *People v. Mills,* 40 Ill. 2d 4, 13-15 (1968). See also *People v. Tobe,* 49 Ill. 2d 538, 542-44 (1971); *People v. Callahan,* 16 Ill. App. 3d 1006, 1008 (1974)." (*People v. Simms* (1976), 38 Ill. App. 3d 703, 707, 348 N.E.2d 478, 481.)

Defendant urges the adoption of a contrary rule establishing such communications as presumptively prejudicial, citing *United States ex rel. Tobe v. Bensinger* (7th Cir. 1974), 492 F.2d 232, in support of his proposition. This is not the rule in Illinois, and in view of the Illinois precedents we decline to depart from them.

■■ Although the bailiff's action in communicating with the juror was unquestionably imprudent, we do not find that defendant was thereby prejudiced, nor that the trial court abused its discretion in deciding to deny the motion for a mistrial.

Defendant's second contention is that his conviction of criminal damage to property must be reversed as this offense arose from the same physical act as his attempt (burglary) conviction.

■■ A defendant may not be convicted of multiple offenses which arise from a single act. (See, *e.g., People v. Lilly* (1974), 56 Ill. 2d 493, 495-96, 309 N.E.2d 1, 2.) In the case at bar, defendant's breakage of the dormitory window was a substantial step toward the commission of a burglary and therefore a basis of the attempt charge. We accordingly vacate defendant's conviction for the lesser offense of criminal damage to property.

Defendant's final contention is that the trial court inadequately specified the reasons for its sentencing determination in violation of section 5—4—1(c) of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—4—1(c)), which provides in pertinent part:

"In imposing a sentence for a felony, the trial judge shall specify

on the record the particular evidence, information, factors * * * or other reasons that led to his sentencing determination. * * *" ■■ The record reflects that the trial court sentenced the defendant to an extended term sentence as a result of similar felony convictions in 1975 and 1977. As the statute requires the court to specify the reasons that led to its decision, we find its mandate satisfied.

Accordingly, the judgment of the circuit court of Warren County is affirmed as to the conviction of attempt (burglary) and reversed as to the conviction of criminal damage to property.

Affirmed in part, reversed in part.

STENGEL and BARRY, JJ., concur.