THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD BRYANT, Defendant-Appellant.

Third District   No. 3—83—0791

Opinion filed April 1, 1985.

BARRY, J., dissenting.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

On November 2, 1983, Donald Bryant was convicted of attempt (burglary) following a jury trial in the circuit court of Peoria County. The defendant appeals his conviction, raising several instances of error at trial.

The evidence at trial established that on August 3, 1983, David McGraw was sitting on his father's front porch at 3 a.m. when he heard the sound of glass breaking. The sound appeared to be coming from Strube's Gas Station. When McGraw and his brother walked to the station, they saw two individuals one block away. The brother called the police.

Peoria police officer Gerald Ulrich was the first to arrive at the

gas station. When he arrived, he also noticed two individuals a block away. Ulrich then walked to the back of the gas station, where he saw the defendant break into a run. When the defendant jumped the fence into a neighboring yard, Ulrich drew his revolver and called to the defendant by name. The defendant complied with Ulrich's order to return over the fence. The defendant was then arrested.

Ulrich found a torn blue shirt in the neighboring yard at the point in the fence where the defendant returned. The defendant was not wearing a shirt when arrested. Ulrich testified that the shirt had an odor similar to the defendant's. Ulrich later determined that a protective wire covering had been removed from one of the windows in the gas station. The glass had been broken out of the window. Rubber tires were stacked beneath the broken window.

Ulrich's testimony regarding the discovery and the odor of the shirt was corroborated by police officer Lawrence Weston. The State also introduced the testimony of police officer Walter Jatkowski. Jatkowski testified that the blue shirt had characteristics similar to those of a fabric impression found on pieces of glass from the broken window. Finally, John Marcouiller, a forensic scientist, testified that there was a good probability that a piece of glass recovered from the defendant's shoe came from the glass in the broken window.

The defendant presented no evidence. The defendant then tendered an instruction on criminal damage to property, which was refused by the trial court. At the jury's request, the blue shirt was allowed to go to the jury room. Following deliberation, the jury convicted the defendant of attempt (burglary).

■ ■ The first issue raised by defendant is whether the trial court erred in refusing to instruct the jury on the offense of criminal damage to property because under these circumstances criminal damage to property is a lesser offense of burglary. We agree that, in this case, the instruction should have been given.

The Illinois Supreme Court has enunciated three possible methods for determining whether a certain offense was a lesser included offense. (See *People v. Mays* (1982), 91 Ill. 2d 251, 437 N.E.2d 633.) The first and most obvious method is by comparing the statutory definitions of the offenses. If the more serious offense contains all of the elements of the lesser offense, then the lesser offense is a lesser included offense and the jury must be instructed accordingly. (See *Beck v. Alabama* (1980), 447 U.S. 625, 65 L. Ed. 2d 392, 100 S. Ct. 2382.) The second method, if the statutory definition of the

more serious offense lacks an element of the lesser offense is to look to the charging instrument. If the charging instrument includes in its description of the offense charged the missing element which proof of the lesser offense requires, then the jury must be instructed on the lesser offense. (See *People v. Cramer* (1981), 85 Ill. 2d 92, 421 N.E.2d 189.) A third method was discussed in *Mays* which has now been rejected by the supreme court. In *People v. Dace* (1984), 104 Ill. 2d 96, 470 N.E.2d 993, the supreme court found application of this test to be counterproductive.

In comparing the two statutory definitions, burglary requires an entry without authority with intent to commit theft, and criminal damage to property requires proof that defendant "(a) Knowingly damages any property of another without his consent." (Ill. Rev. Stat. 1983, ch. 38, par. 21—1.) No damage to property is required as an element of the more serious offense, burglary, and therefore, the more serious offense as defined by statute lacks an element of the lesser offense, *i.e.*, property damage.

■ On the other hand, the test set forth in *Cramer* is clearly met in this case. Here the charging instrument states that defendant "pulled away a screen and broke a window *** with the intent to enter said building without authority, and to commit therein a theft." Clearly the indictment alleges property damage, the missing element of the more serious offense, attempt (burglary). Therefore, we hold that, applying the *Cramer* test, an instruction on criminal damage to property should have been given.

Furthermore, in its most recent mandate, *People v. Dace* (1984), 104 Ill. 2d 96, 470 N.E.2d 993, the Illinois Supreme Court held that the instruction should have been given even though it rejected the inherent relationship test. In *Dace* the supreme court stated:

"[U]nder these circumstances, where the information charged the specific intent to commit theft and the offense of theft was proved by the evidence, refusal to give defendant's tendered instructions was error." (104 Ill. 2d 96, 103.)

Like the circumstances in *Dace*, the circumstances in the present case require that the jury be instructed on the "lesser" offense. Here, the information charged all of the elements of criminal damage to property, not merely intent, as the charging instrument did in *Dace*. In *Dace* the information charged residential burglary with intent to commit theft (104 Ill. 2d 96, 98), and contained no allegations that defendant stole anything. In this case the information stated what the damage to property was.

In this case, the evidence at trial established that the screen was

pulled away and two window panes were broken at the gasoline station. Therefore, like *Dace*, the evidence at trial proved the lesser offense, and a reasonable jury could have found defendant guilty of criminal damage to property. In *People v. Nickols* (1980), 90 Ill. App. 3d 480, 413 N.E.2d 212, we considered these same two offenses but in a different context. In *Nickols*, the defendant was convicted of both attempt (burglary) and criminal damage to property. We reversed the criminal damage conviction because of the multiple-acts requirement for a conviction for multiple offenses. In *Nickols* we stated, "We accordingly vacate defendant's conviction for the lesser offense of criminal damage to property." (90 Ill. App. 3d 480, 483.) Clearly, a reasonable jury could find a defendant guilty of criminal damage to property on the evidence elicited to prove attempt (burglary). See *People v. Billops* (1984), 125 Ill. App. 3d 483, 466 N.E.2d 304.

■ The defendant asserts as his second issue that the trial court erred in refusing to give the second paragraph of Illinois Pattern Jury Instruction (IPI), Criminal, No. 3.02 (2d ed. 1971), which relates to circumstantial evidence. The second paragraph is to be given when all of the evidence against the accused is circumstantial. In this case, neither Officer Ulrich nor Officer Weston witnessed the crime. In fact the evidence is clear that there were no eyewitnesses. A neighbor near Strube's gas station called police when he thought he heard glass break, and he and his brother walked over to the station, where they thought they saw two persons behind the station. The brother then called the police. By the time Ulrich arrived he observed defendant about 10 feet away from the station. Defendant then began to run away. Therefore, there were no eyewitnesses to the crime, and the second paragraph of IPI Criminal 2d No. 3.02 should have been given.

■ The defendant asserts as his third issue on appeal that Marcouiller's testimony that there was a good probability that the glass chip came from the broken window was improperly admitted. The defendant argues that this evidence was incompetent and beyond the scope of the witness' expertise because it involved a probability analysis.

We find no error in the admission of this testimony. When the witness testified regarding statistics based upon testing done by others, the defendant objected. The trial court sustained the objection but allowed the witness to testify regarding his own experience. It was clear from the witness' testimony that his statistical analysis was based solely upon his own experience. The witness was clearly

qualified to comment upon his own analyses. The limited number of samples analyzed by Marcouiller affected the weight and not the competency of his testimony. It was clear to the jury that his analysis of "good probability" was based solely upon his own sampling. The jury was entitled to hear the evidence and consider it for whatever value it had in light of the limited sample.

The defendant has raised two other issues on appeal, but because we are remanding this case for a new trial we will not discuss these issues, as they are unlikely to arise in the same context in the next trial. We, therefore, reverse the judgment of the circuit court of Peoria County and remand this cause for a new trial.

Reversed and remanded.

HEIPLE, J., concurs.

JUSTICE BARRY, dissenting:

I fail to see how our supreme court's reasoning in *Dace* supports the majority's conclusion on the facts before us and must, accordingly, express my dissent. By glossing over the requirement that the charging instrument at issue contains a specific intent allegation, the majority has effectively readopted the "inherent relationship" test as espoused by the defendant and rejected by our supreme court in *Dace*. Regardless of what crimes were proved by the evidence adduced at trial, the focus of the jury instruction issue in *Dace* was the mental state element as alleged in the charging instrument. I do not find this to be mere coincidence, as the majority apparently does, but crucial here to the determination of whether the trial court erred in refusing the defense-tendered instruction on criminal damage to property.

In *Dace*, the charging instrument for residential burglary alleged the mental state element for the lesser offense of theft. It did not, however, charge commission of the act of theft. In order to prove residential burglary, the State was required to prove intent to commit theft (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(a)), but was not required to prove that defendant obtained control of property of another (Ill. Rev. Stat. 1981, ch. 32, par. 16—1). The evidence at trial, in fact, proved both the act and mental state elements of theft. Without adopting the "inherent relationship" test, the supreme court nonetheless approved the giving of a defense tendered instruction on theft under these circumstances:

"The proof of the offense charged requires proof of the spe-

cific intent (*People v. Toolate* (1984), 101 Ill. 2d 301), *and* the evidence adduced in each case would support a conviction of theft (*People v. Housby* (1981), 84 Ill. 2d 415.) We hold that under *these* circumstances, where the information charged the specific intent to commit theft *and* the offense of theft was proved by the evidence, refusal to give defendant's tendered instructions was error." (Emphasis added.) *People v. Dace* (1984), 104 Ill. 2d 96, 103, 470 N.E.2d 993, 996.

To charge criminal damage to property, the State must allege, not merely that property of another was broken by the defendant, but that it was broken *knowingly*. Criminal damage is, thus, a "specific intent" crime (W. LaFave & A. Scott, Criminal Law 195-98 (1972)), and a conviction cannot be obtained without proof that the property was broken with the requisite mental state.

The two-part test approved in *Dace—i.e.*, charging the *mental state* element of the lesser offense and proving all elements of that offense at trial—is not satisfied in the converse situation which the instant case represents—*i.e.*, charging the *act* element of the lesser offense and proving all elements of that offense (including mental state) at trial—in my opinion. The charging instrument in this case, to comport with the *Dace* test, would have had to allege that the defendant *"knowingly* broke a window \*\*\* with the intent to enter said building without authority and to commit therein a theft."

Since the mental state element for criminal damage to property does not appear in the charging instrument at issue, the first prong of the *Dace* test was not satisfied. Accordingly, I find no error in the trial court's refusal to instruct the jury on criminal damage to property.

Further, I do not view the evidence of attempt (burglary) admitted at trial entirely circumstantial. The events witnessed and testified to by Officers Ulrich and Weston, in my opinion, comprised some direct evidence of the defendant's guilt.

For these reasons I would affirm the judgment of the circuit court.