THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE BECK, Defendant-Appellant.

First District (4th Division)   No. 62541

Opinion filed October 6, 1976.

James J. Doherty, Public Defender, of Chicago (William F. Krahl, Jr., and Gail Moreland, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Joan S. Cherry, and Fabian D. Henry, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the Circuit Court of Cook County, Criminal Division. Willie Beck (hereinafter called "defendant") was indicted for the offense of robbery. Defendant waived trial by jury, was tried and convicted of the offense of theft from the person, and was sentenced to a term of not less than one nor more than four years in custody of the Illinois Department of Corrections.

The sole issue presented for review is whether an indictment which charges robbery is sufficient to sustain a conviction for the offense of theft from the person, where the indictment does not specifically allege intent to permanently deprive the owner of the use and benefit of the property.

The defendant was indicted on October 7, 1974, for the offense of robbery. Indictment No. 74-5533 specifies on August 22, 1974, the defendant committed the offense of robbery, in that he, by threatening the imminent use of force, took $20 from the person of Cathy M. Jordan, in violation of Chapter 38, Section 18—1 of the Illinois Revised Statutes.

At the defendant's bench trial, Mrs. Cathy Jordan testified for the People that at approximately 11:30 p.m. on August 22, 1974, while

working in a C.T.A. ticket booth at 87th Street and the Dan Ryan Expressway, the defendant approached her and said, "Give me your money. You won't get hurt." The defendant did not make any threatening gestures, but she considered it a threat when the defendant said, " * * * You won't get hurt." Mrs. Jordan never saw a weapon in the possession of the defendant, but did see a bulge under his shirt. She gave the defendant about $20, and watched him run away.

The defendant testified in his own behalf. On the evening of August 22, 1974, after having consumed one-half pint of vodka and one pint of whiskey, the defendant took a train to the 87th Street stop. He approached Mrs. Jordan and said only, "Give me the money." He possessed no weapon, and made no threatening gestures. After the incident, the defendant ran and was later arrested.

At the close of all the evidence, the trial judge indicated the facts supported the charge of robbery, but found the defendant guilty of theft from the person. On June 2, 1975, the defendant was sentenced to not less than one nor more than four years in custody of the Illinois Department of Corrections. From such conviction, the defendant brings this appeal.

The question of the sufficiency of an indictment was considered by the Illinois Supreme Court in the case of *People v. Love* (1923), 310 Ill. 558, 567, 142 N.E. 204, 207, where the court held:

> " * * * [A]n indictment * * * is sufficiently technical and correct if it * * * states the offense in language sufficiently explicit that the defendant may know the nature of the charge against him * * *."

The indictment in question charged the defendant, by threatening force, took $20 from Cathy Jordan. If this charge is proven by the evidence, reason concludes the totality of these actions undertaken by the defendant stem from an intent to permanently deprive. It would be contrary to experience and reason to conclude a stranger would forcefully take money from another stranger without fully intending to permanently deprive the wronged party of the money.

We hold the statutory element of intent under a charge of theft is logically presumed from the charge contained in the indictment in question.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby affirmed.

Affirmed.

JOHNSON, P. J., and ADESKO, J., concur.