THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANTHONY KIMBLE, Defendant-Appellant.

First District (3rd Division)    No. 79-206

Opinion filed November 26, 1980.

James J. Doherty, Public Defender, of Chicago, and Thomas W. Giger, law student (James L. Rhodes, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, James S. Veldman, and Mark F. Schroeder, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Defendant, Anthony Kimble, was charged by information with the offense of robbery. (Ill. Rev. Stat. 1977, ch. 38, par. 18—1.) In a bench trial, he was found guilty of theft and was sentenced to one year probation. We reverse.

The issue in this case is whether defendant can be convicted of theft if the information only charges him with the offense of robbery. In deciding this question, we first note that there is a divergence of authority as to whether theft is an included offense of robbery. Cases which hold that theft is not an included offense of robbery include *People v. Baker* (1979), 72 Ill. App. 3d 682, 391 N.E.2d 91, and *People v. Yanders* (1975), 32 Ill. App. 3d 599, 335 N.E.2d 801. Cases which hold or suggest to the contrary include *People v. Tolentino* (1966), 68 Ill. App. 2d 480, 216 N.E.2d 191, *People v. Beck* (1976), 42 Ill. App. 3d 923, 356 N.E.2d 848, and *People v. Romo* (1980), 85 Ill. App. 3d 886, 407 N.E.2d 661.

An included offense is an offense which "is established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged."[1] (Ill. Rev. Stat. 1977, ch. 38, par. 2—9(a).) In other words, if an offense requires the existence of a fact or mental state that is different or greater than that which is required to establish the commission of the offense charged, then the offense is not an included offense of the offense charged.

■■ A person commits robbery when he takes property from the person or presence of another by use of force or by threatening the imminent use of force. (Ill. Rev. Stat. 1977, ch. 38, par. 18—1.) The crime of theft is twofold. The person must (1) knowingly obtain or exert unauthorized control over property of the owner (see *People v. Marino* (1970), 44 Ill. 2d 562, 576, 256 N.E.2d 770, 778; see also *People v. Fowler* (1979), 72 Ill. App. 3d 491, 493-96, 390 N.E.2d 1377, 1378-81) and (2) have a specific intent or mental state as specified in the statute to deprive the owner permanently of the use or benefit of the property. (Ill. Rev. Stat. 1977, ch. 38, par. 16—1; *People v. Haynes* (1971), 132 Ill. App. 2d 1031, 1032, 270 N.E.2d 63, 64.) Thus, theft and robbery are different and separate crimes. The critical distinction is that theft requires a specific intent or mental state to deprive the owner permanently of the use or benefit of the

---

[1] An included offense is also an offense which consists of "an attempt to commit the offense charged or an offense included therein." (Ill. Rev. Stat. 1977, ch. 38, par. 2—9(b).) However, this kind of included offense is not pertinent here.

property. We do not agree with the cases which state that this specific intent or mental state is presumed in the crime of robbery (*Beck*, 42 Ill. App. 3d 923, 924, 356 N.E.2d 848, 850; *Romo*, 85 Ill. App. 3d 886, 894, 407 N.E.2d 661, 668). A person could conceivably take property from the person or presence of another by use of force or by threatening the imminent use of force without a specific intent or mental state to deprive the owner permanently of the use or benefit of the property. (See *Haynes*, 132 Ill. App. 2d 1031, 1032, 270 N.E.2d 63, 64.) That person would be guilty of robbery, but he would not be guilty of theft. Since theft requires a specific intent or mental state that is not required to establish the commission of robbery, theft is not an included offense of robbery.

■■ In the present case, another question arises because the information states that the robbery was committed "with the intent of permanent deprivation of the use of this property from the person and presence of Michael Wilkins." However, the information charges defendant with robbery and not theft. Since robbery and theft are different and separate offenses and theft is not an included offense of robbery, defendant cannot be found guilty of theft if he is charged with robbery. To do so would contravene the constitution and statutes of this State, which provide that no person shall be convicted of an offense which he has not been charged with having committed. See Ill. Const. 1970, art. I, §§2, 7, 8; Ill. Rev. Stat. 1977, ch. 38, pars. 111—3, 113—1, 113—4; *People v. Lewis* (1980), 83 Ill. 2d 296, 300, 415 N.E.2d 319, 320. Therefore, the language in the information relating to the intent to permanently deprive Michael Wilkins of the property is surplusage.

Accordingly, defendant's conviction of theft cannot stand. The judgment is reversed.

Reversed.

McGILLICUDDY, P. J., and SIMON, J., concur.