THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES RIVERS, Defendant-Appellant.

First District (6th Division) No. 1—88—1073

Opinion filed January 26, 1990.

Randolph N. Stone, Public Defender, of Chicago (Evelyn G. Baniewicz and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, Kenneth T. McCurry, and Martin A. Dolan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Defendant, James Rivers, was charged with robbery and aggravated battery. Following a trial without a jury, he was found guilty of theft and sentenced to a term of two years' imprisonment. On appeal, defendant contends that the conviction for theft is void because he was not charged with that offense, and theft is not a lesser included offense of robbery. In view of the issue presented, it is only necessary to set forth the evidence adduced by the State.

At trial, Eric Clark, age 17, testified that on June 20, 1987, at about 2 a.m., defendant approached him on the street. Defendant put his arm around Clark's shoulder, and they struggled as Clark pushed the arm away. Defendant asked for "a favor," and took Clark's wrist, demanding a couple of dollars. Clark was annoyed, and without speaking, he took out his wallet to remove the money to give defendant a few dollars. Clark and defendant struggled over the wallet, and it tore. Clark asked for the wallet back, but defendant refused and departed. The wallet contained $8. The police later located defendant, and Clark identified him as the man who stole his wallet.

The information specifically charged defendant with robbery: "He, by use of force and by threatening the imminent use of force took a wallet and its contents from the person and presence of Eric Clark *** "

The trial court found defendant not guilty of robbery, but guilty of theft from the person.

Defendant filed a motion in arrest of judgment, contending that the trial court lacked jurisdiction to enter judgment on the charge of theft. The court denied the motion.

Defendant contends the theft conviction is void as it was neither charged, nor was it a lesser included offense of robbery. That is the

only issue before us.

■■ An accused cannot be convicted of an offense for which he is not charged unless the offense of which he is found guilty is a lesser included offense of the one charged. (*People v. Dace* (1984), 104 Ill. 2d 96, 470 N.E.2d 993; *People v. Lewis* (1980), 83 Ill. 2d 296, 415 N.E.2d 319; *People v. Harris* (1986), 146 Ill. App. 3d 632, 497 N.E.2d 177.) A conviction for robbery requires proof that defendant took property from the person or presence of another by the use of force or by threatening the imminent use of force. (Ill. Rev. Stat. 1987, ch. 38, par. 18—1.) A conviction for theft requires proof that defendant knowingly obtained or exerted unauthorized control over property of the owner with the intention to deprive the owner permanently of the use or benefit of the property. (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(a)(1).) Theft, therefore, requires proof of a specific intent to permanently deprive another person of the property, while robbery requires only a general intent, plus proof of force.

There is a split of authority in Illinois on the question of whether theft is a lesser included offense of robbery.

In *People v. Romo* (1980), 85 Ill. App. 3d 886, 407 N.E.2d 661, the court offered cogent reasoning for its holding reducing a charge of robbery, for which the conviction could not be upheld due to insufficient evidence of force, to theft, which had not been charged. The court found the evidence proved theft, where defendant had grabbed a wallet from the victim's hands, removed all the money from it, and left with the money. The court explained that with sufficient proof, a robbery conviction could be reduced to theft, even absent a charge of the specific intent to permanently deprive a victim of property taken. (*People v. Romo*, 85 Ill. App. 3d at 894, 407 N.E.2d at 668, citing *People v. King* (1979), 67 Ill. App. 3d 754, 384 N.E.2d 1013; *People v. Williams* (1976), 42 Ill. App. 3d 134, 355 N.E.2d 597; *People v. Tolentino* (1966), 68 Ill. App. 2d 480, 216 N.E.2d 191.) The court found the information sufficiently informed defendant of the crime charged so that he could prepare a defense and so that he would be protected against double jeopardy. We agree with the court's reasoning and its statement:

" 'It would be contrary to experience and reason to conclude a stranger would forcefully take money from another stranger without fully intending to permanently deprive the wronged party of the money.' Since the intent element is logically presumed in the charge of robbery, defendant had sufficient information with which to present his defense." *People v. Romo*, 85 Ill. App. 3d at 894, 407 N.E.2d at 668, quoting *People v. Beck*

(1976), 42 Ill. App. 3d 923, 924, 356 N.E.2d 848, 850.

Accord *Minano v. State* (Alaska App. 1984), 690 P.2d 28, *rev'd in part on other grounds* (Alaska 1985), 710 P.2d 1013. See generally 67 Am. Jur. 2d Robbery §9, at 61 (1985) (reporting that in most jurisdictions, larceny is an included offense of robbery, and a conviction for larceny may be had under a charge of robbery).

Similarly, in the present case, the evidence clearly showed that defendant intended to permanently deprive Clark of his money. Defendant stopped Clark on the street, struggled over his wallet, grabbed the wallet, ran, took out the money, and abandoned the empty wallet in the street. See also *People v. Beck*, 42 Ill. App. 3d 923, 356 N.E.2d 848.

■ Our supreme court's reasoning in *People v. Bryant* (1986), 113 Ill. 2d 497, 499 N.E.2d 413, while addressing different offenses, supports *Romo* and *Beck*. In discussing whether or not criminal damage to property was a lesser included offense of attempted burglary, the court listed three methods of determining " 'if a particular offense is an included offense of another: the abstract statutory definition of the greater crime; the greater crime as it is alleged in the indictment or other charging document; or the greater crime as its necessary elements are proved at trial.' " (*People v. Bryant*, 113 Ill. 2d at 503, 499 N.E.2d at 415, quoting *People v. Mays* (1982), 91 Ill. 2d 251, 255, 437 N.E.2d 633.) The court particularly emphasized that the evidence adduced in each case might support a particular conviction. (*People v. Bryant*, 113 Ill. 2d at 503-04, 499 N.E.2d at 415, citing *People v. Dace*, 104 Ill. 2d 96, 470 N.E.2d 993; *People v. Toolate* (1984), 101 Ill. 2d 301, 461 N.E.2d 987; *People v. Housby* (1981), 84 Ill. 2d 415, 420 N.E.2d 151.) The court noted that a defendant's instruction on a lesser offense should be given " 'if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater ***.' " *People v. Bryant*, 113 Ill. 2d at 507, 499 N.E.2d at 417, quoting *Keeble v. United States* (1973), 412 U.S. 205, 208, 36 L. Ed. 2d 844, 847, 93 S. Ct. 1993, 1995.

In *Bryant*, the trial court refused to give the included-offense instruction because the indictment did not refer to the value of the damage, an element of the lesser offense of criminal damage to property, and therefore the State would not be required to prove value in proving the charge of attempted burglary. This court disagreed. (*People v. Bryant*, (1985), 131 Ill. App. 3d 1011, 476 N.E.2d 793.) The supreme court upheld the appellate court, finding that the instruction should have been given. The court stated that the indictment "set out the main outline of the lesser offense proposed by the defendant here.

The property damage to the building was the obvious foundation of the charge; that the indictment did not expressly allege all the elements of the lesser offense is not, in our view, fatal under these circumstances." *People v. Bryant*, 113 Ill. 2d at 505, 499 N.E.2d at 416-17.

■ Similarly, in the present case, the lesser offense of theft was outlined in the indictment charging robbery. The goal of permanently depriving the victim of his money was the obvious foundation of the charge, and the indictment's failure to expressly allege that specific intent is not fatal here, especially where the evidence fully proves that specific intent.

Under the facts here, where the evidence at trial clearly proved the specific intent necessary for theft, we find that defendant's due process rights were not violated, that the indictment sufficiently informed him of the nature of the offense, and permitted him to prepare a defense. We will not overturn the theft conviction.

Defendant relies on several cases, however, which hold to the contrary. In *People v. Kimble* (1980), 90 Ill. App. 3d 999, 414 N.E.2d 135, the court held that theft is not a lesser included offense of robbery because of the specific intent required for theft. See also *People v. Thomas* (1983), 119 Ill. App. 3d 464, 456 N.E.2d 684; *People v. Baker* (1979), 72 Ill. App. 3d 682, 391 N.E.2d 91; *People v. Yanders* (1975), 32 Ill. App. 3d 599, 335 N.E.2d 801.

In *People v. Thomas*, the court held that theft is not a lesser included offense of robbery. Defendant was charged with both crimes, but was found guilty only of robbery. No finding was made on the theft charge. This court reversed the robbery conviction due to insufficient evidence of force.

*People v. Thomas*, like the case before us, pinpoints the unfair position the trial court is put in under such a holding. The State charges defendant with the most serious offense possible, robbery, and with every potential lesser offense possible, including theft. The trial court is forced to choose robbery or theft. If it finds defendant guilty of robbery, on appeal defendant will argue there was insufficient proof of force and thus he is guilty of no crime. If the trial court, possibly as an act of compassion, finds defendant guilty of theft, on appeal defendant will argue there was no separate charge of theft, and thus he is not guilty of any crime. In the present case, for example, we note that the trial court found defendant guilty only of theft, but commented that "one could have found robbery in this case."

We decline to adopt the holdings of *Kimble, Thomas, Baker* and *Yanders*. Instead, we follow *Romo* and *Beck*, based on the reasoning

of our supreme court in *Bryant*.

Defendant also relies heavily upon *People v. McCarty* (1983), 94 Ill. 2d 28, 445 N.E.2d 298. In *McCarty*, the issue was whether robbery was a "type of theft" that could be used to enhance a misdemeanor theft to a felony theft under the enhancement statute. (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(e)(1).) The court held that robbery is not an aggravated form of theft capable of such enhancement. The court reasoned that theft and robbery are two different crimes because of the specific intent needed for theft. The court never needed to address the question of whether evidence at trial proving theft can permit a theft conviction where theft was not charged. Instead, the court decided a very narrow question involving statutory interpretation of the language of the enhancement statute. Its holding was limited to whether a court could "construe robbery as a 'type of theft' for the purposes of enhancement under section 16—1(e)(1)," and relied on the principle that "ambiguities in penal statutes, particularly in the case of enhancement provisions, must be resolved in favor of the defendant." (*McCarty*, 94 Ill. 2d at 34-35.) The court focused more heavily on whether or not robbery itself required specific intent.

Moreover, the court clearly limited its holding by stating only that "[t]heft is not *generally* viewed as a lesser included offense of robbery in this State." (Emphasis added.) (*People v. McCarty*, 94 Ill. 2d at 35, 445 N.E.2d 298, citing *Kimble*, 90 Ill. App. 3d 999, 414 N.E.2d 135, *Baker*, 72 Ill. App. 3d 682, 391 N.E.2d 91, and *Yanders*, 32 Ill. App. 3d 599, 335 N.E.2d 801.) Since it was unnecessary for its holding, the *McCarty* court made no comment when it went on to cite the contrary holdings of *Romo* and *Beck*.

Thus, we do not find that *McCarty* precludes our holding here, particularly in light of the later decision in *Bryant*, where the court held that in certain circumstances, evidence adduced at trial may support a conviction which had not been charged.

Defendant also cites *People v. Trotter* (1988), 178 Ill. App. 3d 292, 533 N.E.2d 89, where defendant was sentenced to an extended term of 70 years for murdering an 83-year-old woman and 10 years for armed robbery. The naked victim was found with bruises and abrasions in the neck and upper chest area, a fractured neck, and a bullet wound in the head. A small sum of money and some jewelry had been taken. After resolving several other issues, we briefly addressed defendant's contention that the jury should have been instructed on theft. We disagreed and stated, without the need for extensive analysis, that under *People v. McCarty* theft was not a lesser included offense of armed robbery because it required specific intent.

Moreover, any error in failing to instruct the jury on theft in *Trotter* would have been harmless in view of the overwhelming evidence of armed robbery. Unlike the present case, in *Trotter* defendant sought a new trial with a theft jury instruction to be given in the hope that the jury would convict him of a lesser crime. Here, defendant asks this court to reduce the theft conviction to no conviction at all. Our holding in *Trotter* does not alter our decision under the facts before us in the present case. To the extent *Trotter* is not distinguishable from the present case, we adhere to the holdings in *Romo* and *Beck*.

Finally, defendant points to *People v. Schmidt* (1988), 126 Ill. 2d 179, 533 N.E.2d 898, mainly because that decision cites *Kimble* and *Yanders*. However, *Schmidt* never addressed the question of a greater offense requiring general intent, and a lesser offense requiring specific intent. Instead, *Schmidt* involved theft, which the court held was not a lesser included offense of burglary. Both of those offenses require proof of specific intent. *Schmidt* does little more than briefly cite the general principles precluding conviction of an offense that was not charged where it is not a lesser included offense of the one charged, and the well-established rule that theft is not a lesser included offense of burglary. *Schmidt* has since been cited narrowly for the rule that theft is not a lesser included offense of burglary, and not for any principle applicable here. (See, *e.g., People v. Jackson* (1989), 181 Ill. App. 3d 1048, 537 N.E.2d 1054.) The *Schmidt* court referred to *Kimble* and *Yanders* merely as examples of "[o]ther decisions involving the vacating of convictions for theft when the defendant was not charged with theft." *People v. Schmidt*, 126 Ill. 2d at 184, 533 N.E.2d at 900.

For the foregoing reasons, the judgment of the circuit court of Cook County finding defendant guilty of theft is affirmed.

Judgment affirmed.

LaPORTA, P.J., and EGAN, J., concur.