THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HENRY JONES, Defendant-Appellant.

Fifth District   No. 5—89—0525

Opinion filed July 16, 1991.

RARICK, P.J., dissenting.

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Kendra S. Mitchell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOWERTON delivered the opinion of the court:

Defendant, Henry Jones, was charged by information with armed robbery (Ill. Rev. Stat. 1987, ch. 38, par. 18—2). Following a bench trial, defendant was found guilty of theft and sentenced to a term of 2½ years in the Department of Corrections. We reverse.

The issue raised to us is whether an accused can be convicted of theft from a person if the sole charge presented in the information is armed robbery. Defendant asserts that his theft conviction was improper and void because it was neither charged in the information nor is it a lesser-included offense of armed robbery.

The offense of armed robbery is listed in Illinois Revised Statutes in article 18 of the Criminal Code of 1961, title III, part C: "Offenses Directed Against Property." (Ill. Rev. Stat. 1987, ch. 38, par.

18—2.) The caption supplied by the compiler or publisher of the Illinois Revised Statutes forms no part of the official title or contents of the Act (*People v. Flaherty* (1947), 396 Ill. 304, 313-14, 71 N.E.2d 779, 784), and the heading of a statute cannot limit the plain meaning of the substantive portion (*People v. Trigg* (1968), 97 Ill. App. 2d 261, 269-70, 240 N.E.2d 130, 134).

█ Although Part C is entitled "Offenses Directed Against Property," a reading of sections 18—1 and 18—2 (Ill. Rev. Stat. 1987, ch. 38, pars. 18—1, 18—2) establishes that robbery involves the use of force or the imminent use of force against a person, and armed robbery involves the use of a dangerous weapon to take property from a person or the presence of another. Robbery is included as an offense under the definition of forcible felony in section 2—8 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 2—8) precisely because it involves the use or threat of physical force or violence against a person. Armed robbery, while captioned in Illinois Revised Statutes as a crime against property, is a forcible felony carried out against a person or in the presence of a person. Indeed, such is its history from colonial times to the present.

█ Theft, on the other hand (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(a)(1)), is a crime against property.

In further distinction, theft requires proof that a defendant knowingly obtained or exerted unauthorized control over property with the intention to deprive the owner permanently of the use or benefit of that property. In order to convict for robbery, however, no specific intent must be proved, general intent plus proof of force being sufficient.

The various divisions of the appellate court of this State have diverged in their opinions as to whether or not theft is a lesser-included offense of robbery. Some divisions have held that a robbery conviction can be reduced to theft even in the absence of a theft charge, basing their opinion upon the rationale that the element of specific intent is logically presumed in the taking of another's property by force. (*People v. Romo* (1st Dist. 5th Div. 1980), 85 Ill. App. 3d 886, 407 N.E.2d 661; *People v. Beck* (1st Dist. 4th Div. 1976), 42 Ill. App. 3d 923, 356 N.E.2d 848; *People v. Rivers* (1st Dist. 6th Div. 1990), 194 Ill. App. 3d 193, 550 N.E.2d 1179; *People v. Tolentino* (1st Dist. 3d Div. 1966), 68 Ill. App. 2d 480, 216 N.E.2d 191.) Other divisions, in contrast, have held that the element of specific intent to deprive an owner permanently of the use or benefit of property is what distinguishes theft from robbery, making it a separate and distinct crime. *People v. Kimble* (1st Dist. 3d Div. 1980), 90 Ill. App. 3d 999, 414 N.E.2d 135; *Peo-*

*ple v. Gray* (5th Dist. 1980), 80 Ill. App. 3d 817, 400 N.E.2d 473; *People v. Pack* (5th Dist. 1976), 34 Ill. App. 3d 894, 341 N.E.2d 4.

■ This court's decisions in *Gray* and *Pack* reflect our adherence to the definition of "lesser-included offense" as set forth in section 2—9(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 2—9(a)):

> " 'Included offense' means an offense which
>
> *** [i]s established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged ***."
>
> "A lesser[-]included offense is[, therefore,] an offense which contains some but not all of the elements of the greater offense and *** contains no element not included in the greater." *People v. Pumphrey* (1983), 115 Ill. App. 3d 1031, 1033, 451 N.E.2d 961, 963.

■ Since theft requires proof of a specific intent to deprive the owner permanently of the use or benefit of property, while robbery requires only proof of general intent, theft is not a lesser-included offense of robbery. Therefore, defendant in the case at bar should not have been found guilty of theft as a lesser but uncharged offense.

Therefore, the defendant's conviction of theft is reversed, and the defendant's arguments concerning the number of days to be credited against the defendant's sentence need not be addressed.

Reversed.

GOLDENHERSH, J., concurs.

PRESIDING JUSTICE RARICK, dissenting:

I respectfully dissent from the majority's finding that the defendant was improperly convicted of theft.

As noted in the majority opinion, there is a split of authority in Illinois as to whether or not theft is a lesser-included offense of robbery. I believe that for the reasons which follow, the trial court correctly found that although the charge of armed robbery could not be upheld because of a lack of evidence of a weapon and use of force, a conviction of theft from a person, which had not been specifically charged, was nonetheless proper.

The reasoning set out in *People v. Rivers* (1990), 194 Ill. App. 3d 193, 550 N.E.2d 1179, is persuasive. Therein the Appellate Court, First District, found that although an indictment charging robbery failed to

expressly allege specific intent to permanently deprive the victim of property, an element of the offense of theft, it was not fatal to the defendant's theft conviction. The court held that "the lesser offense of theft was outlined in the indictment charging robbery. The goal of permanently depriving the victim of his money was the obvious foundation of the charge, and the indictment's failure to expressly allege that specific intent is not fatal here, especially where the evidence fully proves that specific intent." (*Rivers*, 194 Ill. App. 3d at 197, 550 N.E.2d at 1182.) In *Rivers*, the defendant accosted the complainant on the street, wrestled with him, and demanded money. The complainant, annoyed, took out his wallet to give the defendant a few dollars, he and the defendant struggled over the wallet, and it tore. Defendant refused to return the wallet and absconded with it and the $8 it contained. The information in *Rivers* specifically charged the defendant with robbery in that "[h]e, by use of force and by threatening the imminent use of force took a wallet and its contents from the person and presence of [the complainant]." In a bench trial, the court found the defendant not guilty of robbery, but guilty of theft from a person.

In the case at bar, the victim, Barbara Clark, and her sister, Sandra Hardin, were attempting to start Hardin's car, which had stalled, by pushing it with another vehicle. The defendant approached the stalled vehicle, in which Clark was sitting, forced her from the car at gunpoint, took a purse that was sitting on the front seat, and drove away in the operable vehicle. These acts took place at approximately 8 p.m. The next morning, at approximately 10:30 a.m., a St. Clair County deputy sheriff was patrolling in the East St. Louis area and observed an automobile, later determined to be the one taken from the scene by the defendant, roll to a stop in a off-street parking area and saw two men running down an alleyway. The deputy pulled into an alley in order to position himself behind the vehicle, which was being driven by the defendant. The two men who had run down the alleyway stopped the deputy and told him that the defendant had attempted to run them over as they were walking through the alley. The deputy then observed the defendant, who had exited the car, attempting to flee on foot. The deputy apprehended the defendant, was informed by the radio dispatcher that the automobile was stolen, and arrested the defendant. A search of the vehicle revealed a purse, identification belonging to the victim, and a set of license plates.

At trial, the defendant testified in his own behalf. He asserted that he remembered nothing about the incident. He testified that he was walking home the morning he was arrested, about 8 or 9 a.m., after spending some time in a liquor store. Two people with whom he

was not acquainted offered him a ride home. He remembered getting into the car with them, but the next recollection he had was of waking up the next morning in the St. Clair County jail. He asserted that he was intoxicated at the time the unknown people picked him up, but he did not own a shotgun, had robbed no one, and never drove the car which was taken from the victim.

The trial court found insufficient evidence to prove the presence of a weapon beyond a reasonable doubt. It found that there was no doubt, based on the defendant's possession of the stolen property, the purse in particular, and the manner in which the purse was seen after the incident, that the defendant was guilty of theft from a person.

As the State notes in its brief, citing *People v. Bryant* (1986), 113 Ill. 2d 497, 503, 499 N.E.2d 413, 415, the question of whether one offense is a lesser-included offense of another can be determined in three ways: "the abstract statutory definition of the greater crime; the greater crime as it is alleged in the indictment or other charging document; or the greater crime as its necessary elements are proved at trial." In the instant case, the charging instrument charged the defendant with armed robbery based upon his taking a car and a purse from the complainant while armed with a dangerous weapon and threatening the imminent use of force. Although the evidence in the case at bar was insufficient to demonstrate sufficient force and presence of a weapon to convict the defendant of armed robbery, the evidence detailed above is more than adequate to convict him of theft, despite the fact that it was not charged. Here, as in *People v. Romo* (1980), 85 Ill. App. 3d 886, 894, 407 N.E.2d 661, 668, quoting *People v. Beck* (1976), 42 Ill. App. 3d 923, 924, 356 N.E.2d 848, 850, " '[i]t would be contrary to experience and reason to conclude a stranger would forcefully take money from another stranger without fully intending to permanently deprive the wronged party of the money.' Since the intent element is logically presumed in the charge of robbery, defendant had sufficient information with which to present his defense."

In the present case, it is clear that the defendant intended to permanently deprive the victim of the automobile and the contents of the purse. The defendant accosted the complainant on the street, ejected her from the automobile, commandeered another automobile, and escaped with the purse. The evidence adduced amply supports a conviction for theft from a person. The information charging the defendant with armed robbery delineated the lesser offense of theft, even absent an express allegation of intent. Defendant's goal of permanently depriving the victim of property in her possession was obviously the foundation of the charge, and the evidence proves the specific intent

to permanently deprive her of that property, even absent the indictment's failure to expressly allege such intent.

Given the facts of the case at bar, which proved the specific intent necessary to convict the defendant of theft from a person, the defendant's due process rights were in no way compromised. The information provided the defendant with sufficient information of the nature of the offense to allow him to prepare a defense, and this court should not overturn defendant's theft conviction. I do not find the cases relied upon by the majority to be persuasive in light of our supreme court's more recent decision in *Bryant*. We should follow the reasoning laid out in *Rivers* and *Romo* and adhere to the supreme court's reasoning in *Bryant*, wherein it held that evidence adduced at trial may support a conviction which has not been charged under certain circumstances, *i.e.*, when the evidence would rationally permit the trier of fact to find the defendant guilty of a lesser, uncharged offense and acquit him of a greater one.

For the foregoing reasons, I respectfully dissent from the majority opinion and would affirm the judgment of the St. Clair County court finding the defendant guilty of theft.